UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE SMITHSON,

                Plaintiff,                                     No. 15-cv-11978

vs.                                                         Hon. Gerald E. Rosen

HAMLIN PUB, INC., et al.,

                Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on February 08, 2016

PRESENT: Honorable Gerald E. Rosen
                    United States District Judge

I. INTRODUCTION

This ADEA/Elliott-Larsen age discrimination action is presently before the Court on Motion for Summary Judgment filed by Plaintiff's former employers, Defendants Hamlin Pub, Inc., 997 Management, Inc., and Hamlin Pub Rochester Hills, LLC (collectively referred to herein as "Hamlin Pub").[1]  Plaintiff Joanne Smithson has responded to the motion and Defendants have replied.  Having reviewed and considered

---

[1] In her Complaint, Plaintiff alleges that all three of the defendants were her employers and for purposes of this Motion, Defendants do not dispute that claim.

1

the parties' briefs and supporting evidence, the Court has determined that the relevant allegations, facts and legal arguments are adequately presented in these submissions, and that oral argument would not significantly aid the decisional process. Therefore, the Court will decide this matter "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS/PROCEDURAL HISTORY

Plaintiff Joanne Smithson was employed for eighteen years as a waitress and bartender at the Hamlin Pub in Rochester Hills, Michigan. On October 16, 2014, her employment was terminated. Claiming that she was the victim of the Defendants' scheme to replace their older staff with younger, more attractive women, on January 13, 2015 she filed a charge with the EEOC alleging age discrimination and harassment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). The EEOC issued Plaintiff a form "Dismissal and Notice of Rights" (referred to herein as a "Right-to-Sue" letter) on March 4, 2015.[2] On June 1, 2015, Plaintiff filed the instant action in this Court alleging claims of hostile work environment and harassment in violation of the ADEA (Counts I and II), and in violation of the Michigan Elliott-Larsen Civil Rights Act (the "ELCRA") (Counts III and IV), as well as an

---

[2] The Michigan Department of Civil Rights also dismissed any claims Plaintiff had under State law in a Notice of Disposition and Order of Dismissal dated April 1, 2015 in which it noted that "the Claimant withdrew the complaint and requested a right to sue letter from the U.S. Equal Employment Opportunity Commission." *See* Defendants' Ex. 4.

ELCRA claim of gender discrimination (Count V).  Relying on provisions in Plaintiff's employment application and employee handbook, Defendants now move for summary judgment claiming Plaintiff's claims are time-barred and/or barred by her agreement to arbitrate any disputes arising in connection with her employment.

RELEVANT EMPLOYMENT DOCUMENTS

Joanne Smithson began working as a waitress and bartender at the Rochester Hills Hamlin Pub in 1996, when the restaurant was under different ownership.  The former owner never had Smithson fill out an application nor did she have to go through any formal interview process.  [Smithson Aff., Plaintiff's Ex. 1, ¶¶ 3, 5]. When new owners took over in 2003, the General Manager had Smithson fill out an employment application.  *Id.* at ¶ 6.[3]  Smithson signed that employment application which contained the following agreement directly above the signature line:

> I certify that the answers given herein are true and complete to the best of my knowledge.  I authorize you to verify any of the information concerning my employment, education, credit or medical history with the appropriate individuals, companies, institutions or agencies.  In the event I am hired, I understand that my employment will be "at will":  that is, either Allied Food and Beverage or I may terminate the employment relationship, with or without cause, at any time.  No one can make any oral agreement to modify this "at-will" policy.  further, it is understood that any false or misleading information given in my application or interview may result in discharge.  **I agree that any action or suit against Allied Food and Beverage arising out of my employment or termination of employment,**

---

[3]  At that time, the entity that owned the Hamlin Pub where Plaintiff applied for employment was known as "Allied Food and Beverage." Allied Food and Beverage changed its name to "Hamlin Pub Rochester Hills, L.L.C." on February 27, 2006.  [*See* Michigan Department of Labor and Economic Growth documents attached at Ex. 1.]

> **including but not limited to claims arising under State or Federal civil rights statutes must be brought within 180 days of the event giving rise to the claims or be forever barred.**  I understand also that I am required to abide by all rules and regulations of Allied Food and Beverage.

[Plaintiff's Employment Application, Defendant's Ex. 2 (emphasis added).]

Hamlin Pub also issued employees an Employee Handbook.  Plaintiff signed an acknowledgment of the Employee Handbook she received in 2007 in which she reiterated her agreement to a 180-day limitations period and further agreed to arbitrate any dispute concerning her employment.  In relevant part, the agreement Plaintiff signed stated:

> I understand and agree that in the event that a dispute arises concerning my employment with The Hamlin Pub, **I hereby agree to arbitrate any and all disputes arising out of my employment or termination of employment through the procedures and policies of the American Arbitration Association, unless other procedures are agreed upon in writing between The Hamlin Pub and myself.**  The parties hereby agree that the determination of the arbitrator shall be binding and final upon all parties.  The award of the arbitrator may be filed with the Clerk of the Circuit Court for the County in which The Hamlin Pub resides and the Court upon the arbitration award may render judgment and execution may be issued upon the judgment. . . .
> 
> * * *
> 
> **I agree that any arbitration or judicial proceeding arising out of a dispute relative to employment with The Hamlin Pub shall not be brought unless the same is commenced within a period of one-hundred eighty (180) days following the occurrence giving rise to such dispute. My failure to commence such proceeding within the one-hundred eighty (180) day period shall constitute an irrevocable waiver of any rights I may have had to prosecute such claims or action**.  If a court of competent jurisdiction deems this provision to be overly restrictive, the court may amend the provision to be reasonable under State law.

[*See* Defendants' Ex. 3 (emphasis added).]

As indicated, Plaintiff's employment was terminated on October 16, 2014.  She

4

did not file her Complaint in this action until June 1, 2015, i.e., 228 days after the date of the termination of her employment. Plaintiff never filed a demand for arbitration nor did she attempt to arbitrate the claims regarding her employment or the termination of her employment set forth in the Complaint.

### III.  DISCUSSION

#### A.  APPLICABLE STANDARDS

Summary judgment is proper "if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[] *mandates* the entry of summary judgment. . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (emphasis added).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Moreover, any supporting or opposing affidavits or declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "the mere

existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted). The Court will apply the foregoing standards in deciding Defendant's motion for summary judgment in this case.

B.     PLAINTIFF'S COMPLAINT IS BARRED BY THE CONTRACTUAL PERIOD OF LIMITATIONS

It is well-settled that parties to a contract may agree to an abbreviated period of limitations different from the period authorized by statute so long as it is reasonable. *See Order of United Commercial Travelers Am. v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947) ("It is well established that ... a provision in a contract may validly limit, between the parties, the time for bringing an action ... less than that prescribed in the general statute of limitations, provided the shorter period itself shall be a reasonable period."); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357-59 (6th Cir. 2004) ("[C]ontracting parties may agree to an abbreviated statute of limitations so long as it is reasonable."); *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 455 (6th Cir. 2009). Both the Sixth Circuit and the Michigan Supreme Court have expressly held that there is nothing inherently unreasonable about a six-month limitation period. *See Thurman, supra*; *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988); *Rory v. Continental Ins. Co.*, 473 Mich. 457, 470, 703 N.W.2d 23 (2005); *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 243-44, 625 N.W.2d 101, 106 (2001).

In *Myers, supra*, the Sixth Circuit set forth the parameters for determining the

6

reasonableness of a contractual limitation period in the face of a longer statutory period:

> "The boundaries of what is reasonable under the general rule require that the claimant have sufficient opportunity to investigate and file an action, that the time not be so short as to work a practical abrogation of the right of action, and that the action not be barred before the loss or damage can be ascertained."

*Myers*, 849 F.2d at 262 (quoting *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118, 125, 301 N.W.2d 275, 277 (1981)).

By application of this standard, in *Thurman, supra*, the Sixth Circuit held that a six-month (i.e., 180-day) contractual period of limitations set forth in the plaintiff's job application was reasonable and barred her state law sex discrimination claims as well as her federal race discrimination claim brought under 42 U.S.C. § 1981. Similarly, in *Myers*, the court determined that a six-month limitation in the plaintiff's employment contract barred his Elliott-Larsen civil rights action and suit under the Michigan Handicappers Civil Rights Act. 849 F.2d at 262. *See also Ray v. FedEx Corporate Services, Inc.*, 668 F. Supp. 2d 1063, 1067-68 (W.D. Tenn. 2009) (ADEA action filed after the expiration of the six-month limitations period set forth in plaintiff's application for employment barred); *Dekarske v. Fed. Express Corp.*, 294 F.R.D. 68, 78 (E.D. Mich. 2013) (same).

In this case, the contractual 180-day period within which Plaintiff had to initiate her action expired on April 14, 2015. Because she did not file her Complaint in this case until June 1, 2015, Defendants contend that both her state law and federal discrimination

claims are time-barred.

Plaintiff concedes that her state law claims are time-barred. However, she argues that it would be unreasonable to deem her federal ADEA claims barred because she contends that she was statutorily precluded from filing suit while her EEOC claim was pending. The EEOC issued its "Dismissal and Notice of Rights" on March 4, 2015. While Plaintiff acknowledges that the contractual limitations period had not yet expired by that date (after she received the Dismissal and Notice of Rights, there were still 41 days left in the 180-day contractual period of limitations), she contends that the contractual limitations period in toto was "preempted" by the EEOC's "exclusive jurisdiction" which she claims continued for 90 days after her receipt of the Notice of Right to Sue, i.e., until June 2, 2015.[4] To hold otherwise, she argues, would amount to an

---

[4] Plaintiff's "exclusive EEOC jurisdiction" argument is not entirely clear. On the one hand, she appears to argue that EEOC jurisdiction continued for 90 days after her receipt of a Notice of Right to Sue, i.e., until June 2, 2015. At the same time, citing *Fritz v. FinancialEdge Community Credit Union*, 835 F. Supp. 2d 377 (E.D. Mich. 2011), a Title VII case, she appears to argue that the EEOC had exclusive jurisdiction over her claim for a period of 180 days from January 13, 2015, the date on which she filed her charge. In this case, this would mean that the EEOC retained jurisdiction over the matter through July 12, 2015.

To the extent that Plaintiff believes *Fritz* stands for the proposition that the EEOC always retains jurisdiction over a charge for a period of 180 after the filing of any charge, Plaintiff is mistaken. Unlike in this case where the EEOC notified Plaintiff that it closed its file on her charge and issued its Dismissal and Notice of Rights two months after she filed her charge, in *Fritz* the Plaintiff was never issued a right-to-sue letter anytime within 180 days of her filing of her charge. Thus, arguably, in *Fritz*, the EEOC's exclusive jurisdiction had not terminated. But where, as here, a claimant requests that a notice of right to sue be issued, the Commission may issue such notice "at any time prior to the expiration of 180 days from the date of filing of the charge" and the issuance of the notice of right to sue "shall terminate further proceeding of any charge" and the EEOC's

"abrogation of the right of action." Because she filed her Complaint in this action on June 1, 2015 -- i.e., one day before the expiration of the 90-day period provided in the Notice of Right to Sue -- she contends that her Complaint, at least as to her federal ADEA claims, was timely filed.

In support of her position, Plaintiff relies upon a number of cases involving Title VII claims. The flaw in Plaintiff's argument, however, is that the enforcement mechanisms of Title VII and the ADEA are not identical. The Supreme Court emphasized this in *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 128 S.Ct. 1147 (2008):

> As a cautionary preface, we note that the EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces, such as Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq*., and the Americans with Disabilities Act of 1990, 104 Stat. 327, as amended, 42 U.S.C. § 12101 *et seq*. While there may be areas of common definition, employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination. *Cf. General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 586–587, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004). This is so even if the EEOC forms and the same definition of charge apply in more than one type of discrimination case.

552 U.S. at 392, 128 S.Ct. at 1153.

Unlike Title VII, there is no requirement that an ADEA plaintiff wait for receipt of

---

jurisdiction ends. 29 C.F.R. §§ 1601.28(2), (3).
Furthermore, to accept Plaintiff's proposition that the EEOC's 180-day "exclusive" jurisdiction continued through July 12, 2015, Plaintiff's filing of her Complaint on June 2, 2015 -- before this supposed exclusive jurisdiction terminated -- would be improper and present grounds for dismissal, in and of itself.

9

a Right to Sue letter before filing suit. While a Title VII plaintiff generally must wait until he/she receives a Notice of Right to Sue, the same is not true with regard to the ADEA. The only impediment to the filing of an ADEA action is that

> No civil action may be commenced by an individual under this Section ***until 60 days after a charge*** alleging unlawful discrimination ***has been filed*** with the Equal Employment Opportunity Commission. . . .

29 U.S.C. § 626(d); *see also*, 29 C.F.R. § 1626.18 (aggrieved person whose claims are the subject of a timely pending charge may file a civil action at any time after 60 days have elapsed from the filing of the charge); EEOC Compliance Manual, Section 2-IV (receipt of notice of right to sue is not a condition precedent for bringing a private suit under the ADEA; suit may be brought anytime after 60 days have elapsed from the filing of a charge). Thus, the only requirement is that an ADEA litigant wait 60 days after filing her EEOC charge of discrimination before instituting a judicial action; she is not required to wait until after she receives a Right to Sue letter. 29 C.F.R. § 1626.18(b) (despite a pending EEOC claim, a civil action may be filed "at any time after 60 days have elapsed from the filing of the charge with the Commission...without waiting for a Notice of Dismissal or Termination to be issued.") *See also Dekarske, supra* (holding that a civil action may be commenced 60 days after the filing of an EEOC charge regardless whether a right to sue letter had issued); *Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 563 (2d Cir.2006), *aff'd*, 552 U.S. 589 (2008) ("Unlike Title VII, the ADEA does not require an aggrieved party to receive a right-to-sue letter from the EEOC before

filing suit in federal court."); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725, 726 (5th Cir.2002) (noting that "[a]lthough Title VII provides that the right to bring suit does not arise until after the EEOC has issued a right-to-sue notice, the ADEA has no such requirement," therefore "a complainant who timely files the EEOC charge and then observes the sixty-day waiting period has satisfied the statutory preconditions to filing suit [under the ADEA]" and "the claimant's independent right to sue arises automatically upon the expiration of sixty days after filing of the charge with the EEOC").

Here, Plaintiff filed her EEOC charge on January 13, 2005.[5]  Pursuant to the ADEA statute and regulations, she could have filed her complaint 60 days later -- on

---

[5]  The filing of an EEOC charge is not the commencement of an "action or suit" or "judicial proceeding." *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 68, 104 S.Ct. 1621, 1631 (1984) ("[A] charge of employment discrimination is not the equivalent of a complaint initiating a lawsuit."); *see also EEOC v. Franks Nursery & Crafts, Inc.*, 177 F.3d 448, 455 (6th Cir. 1999) ("By filing a charge an individual does not file a complaint seeking relief, but merely informs the EEOC of possible discrimination.").  Numerous courts within this circuit have specifically held that the filing of an EEOC charge was not the commencement of an action or suit in the context of contract provisions limiting the time for initiating a lawsuit.  *See e.g., Tyler v. FedEx Freight, Inc.*, 2015 WL 1880007 at *5 (S.D. Ohio Apr. 23, 2015); ("The charge is not a 'complaint' and does not commence a civil action."); *Brown v. VHS of Michigan, Inc.*, 2013 WL 119395 at *3 n. 1 (E.D. Mich. Jan. 9, 2013) ("'[C]ommence any action or other legal proceeding' appears to mean 'commence any lawsuit.' *Id.* (citing *Black's Law Dictionary* 28 (6th ed. 1990) (defining "action" as "a lawsuit brought in court")); *Aytes v. Federal Express Corp.*, 2012 WL 1831272 at * 11 (E.D. Ky. May 18, 2012) ("[T]he common meaning of "legal action" and "action" is a judicial proceeding.") *Cf., Ravenscraft v. BNP Media, Inc.*, 2010 WL 1541455 at * 5 (N.D. Ill. Apr. 25, 2010) ("[F]iling a charge with the EEOC or a state agency would have constituted 'any action or other legal proceeding' thus had plaintiff timely filed her EEOC charge "she would have satisfied her contractual obligation.")

March 14, 2005 -- well-within the 180-day contractual period of limitations.[6]

Moreover, even in Title VII cases, there is no absolute prohibition against contractually shortened limitations periods. Courts have upheld shortened contractual periods of limitations in Title VII cases so long as the agreed-upon interval provides the plaintiff with a reasonable time to initiate the action. *See e.g., Steward v. DaimlerChrysler Corp.* 533 F. Supp. 2d 717 (E.D. Mich. 2008)(holding that plaintiff's contractual limitation on litigation did not abrogate her right to sue where she had the opportunity to file suit within the six-month contractual period) ; *Diomande v. Toyota Motor Mfg., Kentucky, Inc.*, 2015 WL 1468091 at *2 (E.D. Ky. Mar. 30, 2015) (finding Title VII claim time-barred by contractual period of limitations where the plaintiff had "a number of weeks" in which to commence suit after receiving his right to sue letter). *Contrast, Salisbury v. Art Van Furniture*, 938 F. Supp. 435, 437 (W.D. Mich. 1996) (finding that the contractual six-month limitation effected a practical abrogation of the plaintiff's right to file an ADA claim where the plaintiff's charge remained pending during the entire contractual period thereby precluding her from commencing suit before the expiration of the contractual limitations period).[7]

---

[6] Indeed, had Plaintiff filed her EEOC charge with dispatch, she would have been left with a full four months within which to file her action.

[7] The procedures applicable to Title VII claims -- including the requirement of receipt of a right to sue letter before filing suit -- also apply to ADA claims. *See* 42 U.S.C. § 12117(a); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).

In this case, enforcement of the 180-day contractual limitations period would not effect a "practical abrogation" of Plaintiff Smithson's right to file her ADEA claims. The ADEA only prohibited her from filing her action for 60 days after filing her EEOC charge. Her compliance with the ADEA's requirements still left her 31 days within the contractual limitations period within which she could have timely filed her lawsuit. Plaintiff had more than three months after she was terminated before filing her EEOC charge and an additional month after the expiration of the 60-day EEOC waiting period to sufficiently investigate her claim and ascertain her damages. Under these circumstances, the Court concludes that enforcement of the contractual six-month period of limitations would not be unreasonable.[8]

Pursuant to the contractual 180-day period of limitations, Plaintiff had until April 14, 2015 to initiate her action. Because she did not file her Complaint in this case until June 1, 2015 -- 48 days after the expiration of the limitations period -- her Complaint, in its entirety, is time-barred.[9]

---

[8] The Court also rejects Plaintiff's argument that it would be unreasonable to enforce the contractual limitations provisions because no one from Hamlin Pub explained the application provision to her and she never read the Employee Handbook. "One who signs a contract cannot seek to avoid it on the basis that [s]he did not read it or that [s]he supposed it was different in terms." *Mannix v. County of Monroe*, 348 F.3d 526, 533 (6th Cir. 2003). In affirming a decision that a plaintiff was bound by the terms of an employment application, the Sixth Circuit stated, "[Plaintiff] had an obligation to seek assistance before she signed it if she felt she did not understand the application." *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 461 (6th Cir. 1986).

[9] In light of the Court's conclusion that Plaintiff's Complaint is time-barred, it is unnecessary for the Court to rule on Defendant's alternative argument that Plaintiff's

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Dkt. # 14]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED, in its entirety, with prejudice.

s/Gerald E. Rosen
United States District Judge

Dated: February 8, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

claims are barred by the arbitration provision contained in the Employee Handbook.